Argued January 19, ballot title revised January 26, 1972

EYMANN, *Petitioner, v.* MYERS ET AL, *Respondents.*

493 P2d 36

*Carl N. Byers,* Salem, argued the cause for petitioner. With him on the brief were Heltzel & Byers, Salem.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the

brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

### DENECKE, J.

In 1969 the legislature made the state personal income tax law identical to the federal law as far as the measurement of taxable income. ORS 316.007, 316.012. The 1971 special session of the legislature changed this and provided that federal income tax laws becoming operative after 1971 would not apply to the Oregon income tax. Oregon Laws 1971, Special Session, ch 4.

A petition was filed with the Secretary of State demanding that the 1971 Act be referred to the people for their approval. The Attorney General prepared the ballot title for the measure submitting the Act to a vote. ORS 254.060. The petitioner filed this proceeding pursuant to ORS 254.077, alleging that the Attorney General's title is "insufficient" and "unfair." Petitioner prays that this court certify a "sufficient and fair" title to the Secretary of State.

The ballot title filed by the Attorney General is as follows:

#### "SEPARATING STATE INCOME TAX FROM FEDERAL

"This measure provides that changes in United States law or the Internal Revenue Code of 1954 relating to federal income taxes, which become operative or effective after December 31, 1971, shall not be effective to change state income tax provisions. Under present law every change in fed-

eral income tax law causes an equivalent change in state income tax provisions."

The wording of the caption is the principal subject of difference. ORS 254.070 provides that the caption shall state the words "by which the measure is commonly referred to or spoken of." The petitioner suggests as a caption, "MODIFIES ADOPTION OF FEDERAL INCOME TAX." The principal defect in this suggestion is that it does not expressly or impliedly indicate that it is the state income tax that is being changed.

ORS 254.070 limits the caption to six words. Under that circumstance, we find that the Attorney General's caption is "sufficient and fair" to describe how the measure "is commonly referred to or spoken of."

Upon oral argument the Attorney General admitted that the last sentence was not "technically" correct although he contended it was "pragmatically" correct. That sentence can be made both accurate and continue to convey the correct overall meaning by having it read: "Under present law *most* changes in federal income tax law cause[s] an equivalent change in state income tax provisions." (Changes italicized.) The remainder of the title we find sufficient and fair. With the changes in the last sentence, the ballot title, including the caption, filed by the Attorney General is certified to the Secretary of State.

Ballot title revised.

HOWELL, J., dissenting in part.

I dissent from that portion of the majority opinion which approves the caption in the ballot title

prepared by the Attorney General: "SEPARATING STATE INCOME TAX FROM FEDERAL."

This caption gives the impression that House Bill 3068 is intended to revert Oregon income tax laws to their pre-1969 status when Oregon income tax laws were separate and apart from federal income tax statutes. House Bill 3068 reaffirms the policy of making the laws identical, but "modified * * * by * * * the revenue needs of the state." This does not "separate" state income tax laws from the federal income tax laws.

I would adopt the caption proposed by the petitioner.

TONGUE, J., joins in this dissent.